# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **M. M.**, <br> Plaintiff**,** <br> vs. <br> **COUNTY OF SAN MATEO, ET AL.,** <br> Defendants**.** | CASE NO. 18-cv-05396-YGR <br><br> **ORDER DENYING MOTION TO DISMISS** <br> Re: Dkt. No. 19 |

Plaintiff M.M., a minor, by and through her Guardian *ad litem*, brings this action against defendants County of San Mateo (the "County"), deputies Robert Willett, Devin Crocker, James Brown, and Does 1 to 50, inclusive. (Dkt. No. 9 ("FAC").) Plaintiff alleges four causes of action: (1) deprivation of constitutional rights in violation of 42 U.S.C. Section 1983, including unreasonable search and seizure, arrest without probable cause, and excessive and unreasonable force and restraint in the course of an arrest against deputies Willet, Crocker, and Brown, as well as Does 1-25; (2) deprivation of those same constitutional rights in violation of Section 1983, pursuant to *Monell*, against the County and Does 26-50; (3) violation of California Civil Code § 52.1 against all defendants; and (4) battery against all defendants. (*Id.* ¶¶ 16-38.) The County now moves to dismiss plaintiff's second cause of action pursuant to Rule 12(b)(6) on the grounds that plaintiff failed to allege sufficient facts under Section 1983 to support a *Monell* claim for municipal liability against the County. (Dkt. No. 19 ("Motion").)

Having carefully considered the papers submitted, and for the reasons set forth more fully below, the Court **DENIES** the County's motion to dismiss.

## I. BACKGROUND

Plaintiff alleges as follows:

On August 14, 2017, plaintiff M.M. was a minor residing at Your House South, a group home in Redwood City. (FAC ¶¶ 1, 8.) Following a report that M.M. went missing, a dispatcher sent defendant deputies Willet, Crocker, and Brown to address the situation. (*Id.* ¶ 8.) Employees of Your House South had previously observed Willet act unprofessionally and "exhibit a hostile attitude toward the residents." (*Id.* ¶ 9.) After learning that Willet had been dispatched to the scene, a Your House South employee called the dispatcher to request a different deputy. (*Id.*) The dispatcher denied the employee's request. (*Id.*)

When Willet arrived at Your House South, he appeared annoyed. (*Id.* ¶ 10.) He was advised that M.M. previously suffered from depression or other mental illness and/or emotional disturbance. (*Id.*) M.M. was in her room when Willet entered and began reading portions of M.M.'s private journal aloud. (*Id.*) The deputy defendants then demanded that M.M. undress, so they could observe her body. (*Id.*) M.M. responded that she felt uncomfortable removing her clothes in front of male sheriff deputies and requested a female deputy instead. (*Id.*) Defendants continued to demand that M.M. undress. (*Id.*) When she refused, Willett threw her to the ground, grabbed her neck/throat, pulled her arms behind her back, and placed his knee on her back. (*Id.*) Neither Crocker nor Brown intervened in order to prevent Willet from using excessive force against M.M. (*Id.* ¶ 13.)

The defendants then handcuffed M.M. and strapped her down to a gurney before taking her by ambulance to a hospital for a 72-hour mental health detention, pursuant to section 5150 of the California Welfare and Institutions Code. (*Id.* ¶ 11.) The hospital staff released M.M. the following day and told her that she should not have been brought there at all. (*Id.*)

M.M. never touched, threatened, or harmed any of the defendant deputies. (*Id.* ¶ 12.) She did nothing that would place the deputies justifiably in fear of harm. (*Id.*) They also lacked

2

probable cause to believe that she had committed a crime. (*Id.*)

On January 23, 2018, M.M. presented a claim to the County pursuant to Government Code section 910 et seq. (*Id.* ¶ 14.) The County notified M.M. on March 1, 2018, that it rejected her claim in its entirety. (*Id.* ¶ 15.)

M.M. filed the initial complaint in this action on August 31, 2018. (Dkt. No. 1.) She filed an amended complaint on October 25, 2018. (FAC.) On December 19, 2018, the County filed the instant motion to dismiss plaintiff's *Monell* claim against the County. (Motion at 2.)[1]

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Thus, a motion to dismiss will be granted if the complaint does not proffer enough facts on its face to nudge the plaintiff's "claims across the line from conceivable to plausible[.]" *See id.* at 570.

## III.   ANALYSIS

The County moves to dismiss plaintiff's second claim for relief under Section 1983 for municipal *Monell* liability, arguing that plaintiff's "conclusory allegations are insufficient to state a cause of action." (Motion at 4.) A municipality may be liable under Section 1983 when the enforcement of a municipal policy or custom was the moving force behind the violation of a

---

[1] The Court notes that the County did not file a reply in support of its motion.

3

constitutionally protected right. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978). However, a public entity "cannot be held liable solely because it employs a tortfeasor." *Id.* at 691. In order to establish liability for governmental entities under *Monell*, a plaintiff must prove: "(1) that [s]he possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *See Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted)).

A plaintiff may state a claim for Section 1983 liability against a municipality under *Monell* in any of three circumstances: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of "deliberate indifference" to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate' unconstitutional conduct. *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities).

In order to state a Section 1983 claim against a municipality, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and those facts must "plausibly suggest an entitlement to relief." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) *cert. denied*, 566 U.S. 982 (2012)). With respect to the term "plausibility," the court explained in *Starr*:

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable.

*Starr*, 652 F.3d at 1216-17.

In *AE ex rel. Hernandez*, the Ninth Circuit affirmed dismissal of a *Monell* claim brought by a nine-year-old boy alleging that defendants followed county "ordinances, regulations, customs, and practices" when they failed to prevent plaintiff's foster brother from sexually assaulting him. *Id.* at 636-67. Specifically, the plaintiff alleged that the municipality "maintained or permitted an official policy, custom, or practice of knowingly permitting the occurrence of the type of wrongs" stated elsewhere in the amended complaint. *Id.* However, the plaintiff failed to provide any facts regarding the specific "policy, custom, or practice." *Id.* Therefore, applying *Starr*, the court concluded that the complaint failed to state a sufficient claim for *Monell* liability and dismissed plaintiff's claim with leave to amend. *Id.*

Similarly, in *Dougherty v. City of Covina*, the Ninth Circuit held that the district court rightly dismissed a *Monell* claim because the claim lacked factual allegations that would separate it from the "formulaic recitation of a cause of action's elements." 654 F.3d 892, 900 (9th Cir. 2011) (citing *Twombly*, 550 U.S. at 555). The plaintiff alleged that the city's "policies and/or customs caused the specific violations of Plaintiff's constitutional rights at issue in this case," and those policies "were the moving force and/or affirmative link" behind the alleged injury. The court found that the complaint "lacked any facts demonstrating that [plaintiff's] constitutional deprivation was the result of a custom or practice" of the city. *Id.* at 900-901; *see also Brown v. Contra Costa Cty.*, No. C 12-1923 PJH, 2012 WL 4804862, at *12 (N.D. Cal. Oct. 9, 2012) (dismissing a *Monell* claim because the plaintiff asserted "legal conclusions only" and failed to allege facts to support any of the three theories of *Monell* liability).

Here, plaintiff alleges that (1) she was deprived of her constitutional rights under the Fourth and Fourteenth amendments, as well as her right tot be free from arrest without probable cause; (2) the County had in place "customs, policies, practices, and/or procedures"; (3) those customs, policies, practices, and/or procedures constituted deliberate indifference to plaintiff's constitutional rights; and (4) those customs, policies, practices, and/or procedures were a moving

5

force and/or proximate cause of the deprivation of plaintiff's constitutional rights. (FAC ¶¶ 16, 22-26.) Unlike the "formulaic recitation of a cause of action's elements" in *Dougherty*, plaintiff enumerates six customs, policies, practices, and/or procedures, including failure "to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning interaction with individuals who have, or are suspected of having, mental illness," as well as "concerning interaction with minors." *Compare* FAC ¶ 22 *with Dougherty*, 654 F.3d at 900.

Plaintiff also provides factual support for these allegations. *C.f. AE ex rel. Hernandez*, 666 F.3d at 640 (holding that "plausible facts supporting a policy or custom...could cure[ ] the deficiency in [a] *Monell* claim"). Plaintiff asserts that she was a minor at the time of the alleged incident, and that Willet was advised that she suffered "from depression or other mental illness and/or emotional disturbance[.]" (FAC ¶¶ 1, 10.) Plaintiff avers that in spite of this information, Willet demanded that she undress in the presence of three male deputies, and, when plaintiff requested the presence of a female deputy and refused to disrobe, Willet threw her to the ground, grabbed her by her throat/neck area, pulled her arms behind her back, and placed his knee on plaintiff's back. (*Id.* ¶ 10.) Plaintiff further alleges that neither Crocker nor Brown intervened to prevent or otherwise impede Willet's actions. (*Id.* ¶ 13.)

Moreover, plaintiff alleges that on a prior occasion, Willet had acted unprofessionally and exhibited a "hostile attitude toward the residents" of Your House South. (*Id.* ¶ 9.) Plaintiff avers that as a result of this interaction, on the date of the incident in question, a Your House South employee called the police dispatcher to request that they send a different deputy. (*Id.*) Accordingly, plaintiff's complaint contains facts that "plausibly[2] suggest an entitlement to relief"

---

[2] The Court notes that the County did not provide any alternative explanation regarding the defendants' alleged unconstitutional conduct. Instead, the County submitted a conclusory argument that the plaintiff failed to articulate any facts to support her *Monell* claim. (Motion at 4.)

and "give fair notice and . . . enable the [County] to defend itself effectively." *AE ex rel. Hernandez*, 666 F.3d at 636-37.[3]

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the County's motion to dismiss plaintiff's second cause of action.

This Order terminates Docket Number 19.

**IT IS SO ORDERED.**

Dated: February 1, 2019

**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE**

---

[3] *See also Mateos-Sandoval v. County of Sonoma*, 942 F.Supp.2d 890, 899 (N.D. Cal. 2013) (denying motion to dismiss *Monell* claims where plaintiffs' allegations "specify the content of the policies, customs, or practices the execution of which gave rise to" their constitutional injuries); *Galindo v. City of San Mateo*, No. 16-cv-03651-EMC, 2016 WL 7116927, at *6 (N.D. Cal. Dec. 7, 2016) (denying motion to dismiss *Monell* claim where plaintiff alleges that defendant city failed "to maintain or effectively administer an appropriate training regimen or required protocol on citizen searches by officers of the opposite sex"); *La v. San Mateo County Transit District*, No. 14-cv-01768-WHO, 2014 WL 4632224, at *8 (N.D. Cal. Sept. 16, 2014) (denying motion to dismiss *Monell* claim where plaintiff alleges that defendant "has a policy or custom of performing a specific adverse employment action (termination) against a particular subset of employees (those who report internal misconduct").

7