UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **M. M.**, <br> Plaintiff, <br> v. <br> **COUNTY OF SAN MATEO, ET. AL.**, <br> Defendants. | Case No. 4:18-cv-05396-YGR <br><br> **ORDER GRANTING PLAINTIFF M. M.'S MOTION TO DISALLOW DEFENDANTS' CLAIMED COSTS** <br><br> Re: Dkt. No. 75 |

Plaintiff M.M., a minor, by and through her Guardian *ad litem*, brought this action against defendants County of San Mateo (the "County"), San Mateo County Sheriff's Department deputies Robert Willett, Devin Crocker, James Brown, and Does 1 to 50, inclusive. Plaintiff alleged four causes of action: (1) deprivation of constitutional rights in violation of 42 U.S.C. Section 1983, including unreasonable search and seizure, arrest without probable cause, and excessive and unreasonable force and restraint in the course of an arrest against deputies Willet, Crocker, and Brown, as well as Does 1-25; (2) deprivation of those same constitutional rights in violation of Section 1983, pursuant to *Monell*, against the County and Does 26-50; (3) violation of California Civil Code § 52.1, the Bane Act, against all defendants; and (4) battery against all defendants.  The Court in a prior Order granted defendants' motion for summary judgment and denied plaintiff's motion for partial summary judgment, (Dkt. No. 70) and thereafter entered judgment for defendants.  (Dkt. No. 71.)  Defendants subsequently filed a bill of costs for the litigation, totaling $9,483.65.  (Dkt. No. 73.)  Plaintiff has since filed a notice of appeal with the Ninth Circuit Court of Appeals.  (Dkt. No. 74.)

Now before the Court is plaintiff's motion to disallow defendants' claimed costs of

$9,483.65.  (Dkt. No. 75.)  The parties completed briefed on the motion on March 3, 2020.  (*See* Dkt. Nos. 79, 80.)  The Court thereafter vacated oral argument (Dkt. No. 81), as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.  *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728-29 (9th Cir. 1991).

Having carefully reviewed the record, the papers submitted on each motion, and for the reasons set forth more fully below, the Court **GRANTS** plaintiff's motion to disallow defendants' claimed costs.

The standard with respect to motions to disallow costs are not in dispute.  Thus:

Federal Rule of Civil Procedure 54(d) creates a presumption that a prevailing party in litigation is entitled to an award of certain enumerated costs. "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*).  "A district court must 'specify reasons' for its refusal to award costs." *Id.*  Where one or more of the following factors exist, a court may refuse to award costs: (1) the plaintiff has limited financial resources; (2) there is a great economic disparity between the parties; (3) the award of costs would chill civil rights litigation; (4) the case involves issues of substantial public importance; or (5) the case was close and difficult and the plaintiff's case had some merit.  *Id.* at 592-93.

Here, after consideration of these five factors, the Court exercises its discretion and finds it appropriate to refuse defendants' claimed costs totaling $9,483.65.

First, it is undisputed by defendants that plaintiff has limited financial resources.  (*See* Dkt. No. 79 at 4 ("Defendants are not in a position to challenge [p]laintiff's claims about her economic circumstances.").)  The record of this case supports this finding: plaintiff commenced this civil rights lawsuit as a minor – a teenager – in a group home based on her interactions with officers effectuating a psychiatric hold under California Welfare & Institutions Code § 5150. Evidence submitted in support of the motion further demonstrate that plaintiff – who is now only eighteen (18) years old – has limited financial resources, where she earns $2,200 a month, has some educational debt, is not financially supported by her family, and otherwise has no assets to

2

her name. Indeed, if defendants were permitted to seek recovery of $9,483.65 in costs against plaintiff, she would suffer tremendous financial hardship, and such award of costs would likely render her indigent. *See Rivera v. NIBCO*, 701 F.Supp.2d 1135, 1143 (E.D. Cal. 2010) ("It is not necessary to find that the plaintiffs in question are currently indigent; rather, the proper inquiry is whether an award of costs might make them so."). Thus, this factor weighs for granting the motion to disallow costs.

Second, defendants do not dispute that great economic disparity between plaintiff and the defendants exists. (*See* Dkt. No. 79 at 4 ("Defendants are not in a position to challenge . . . that the County [of San Mateo] has comparably more resources").) Indeed, as plaintiff points out, the County's budget for the fiscal year 2018-2019 was $3 billion. As discussed and found by the Court above, plaintiff is an individual of limited financial means. Courts considering litigation against an "individual of very limited means" and a county entity has found that there is a "significant economic disparity." *Washburn v. Fagan*, C03-00869-MJJ, 2008 WL 361048, at *2 (N.D. Cal. Feb. 11, 2008) (finding a significant economic disparity between an individual of limited means and the City and County of San Francisco). Thus, this factor weighs for granting the motion to disallow costs.

Third, the Court finds that an award of costs for defendants would chill future and analogous civil rights litigation. Defendants point out that the Ninth Circuit has upheld an award of modest costs against parties in civil rights actions. *See Moore v. Hughes Helicopters*, 708 F.2d 475, 486 (9th Cir. 1983) (upholding the trial court's assessment of $2,624.25 in costs in a civil rights case). Here, however, in light of the limited financial means of plaintiff and the context of this action, "[i]mposing high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation and the vindication of important rights under civil rights laws." *Lopez v. Nguyen*, C13-3870-CRB, 2017 WL 512773, at *3 (N.D. Cal. Feb. 8, 2017). "Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since [*Brown v. Board of Education*]." *Economus v. City and County of San Francisco*, C18-1071-HSG (DMR), 2019 WL 3293292, at *3 (N.D. Cal. July 5, 2019) (citing *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1080 (9th Cir. 1999)). The claimed

costs total almost half of plaintiff's annual income. In similar circumstances where costs are sought against individuals of financially limited means, the Ninth Circuit has upheld a district court's determination that disallowed such costs. *See Escriba v. Foster Poultry Farms*, 743 F.3d 1236, 1247-49 (9th Cir. 2014) (affirming denial of costs of $13,958.16 where the plaintiff's annual income was $11,622 because the amount in the context of the plaintiff's financial status would present a "serious danger" of chilling future civil rights actions); *Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016) (holding that an award of costs against an individual with virtually no financial resources in the amount of $3,018.35 was an abuse of discretion because such a large cost award could potentially chill similar civil rights lawsuits)

Moreover, the Court stresses the importance of such civil rights cases involving claims of excessive force against police and sheriff's department officers.[1] "This action raised important issues regarding how the [County of San Mateo Sheriff's] Department dealt with, and supervised, excessive force incidents" involving section 5150 holds. *Wasburn*, 2008 WL 361048 at *2. Additionally, this Court even noted at oral argument that, although the interaction was not excessive force, deputy Robert Willett's behavior was "clearly . . . an issue." (Dkt. No. 72 at 4.) The concern for chilling future civil rights litigation is heightened because of the message it could send to similarly situated individuals, who are often the most vulnerable members of society: plaintiff was a teenager residing in a group home and suffering a mental episode during the relevant interaction. To allow costs to be assessed against plaintiff could discourage youths in group homes – who are generally individuals of limited financial means – and discourage those suffering from mental episodes from reporting similarly problematic – and potentially meritorious – incidents against officers. Thus, the Court finds that this factor weighs in favor of granting the motion to disallow costs.

Fourth, the Court finds that this litigation involved issues of substantial public importance.

---

[1] The Court highlights the recent nationwide protests against a police officer's use of excessive force against black individuals that have prompted a national dialogue on such use of force generally. Section 1983 lawsuits are one of the limited ways in which an individual can hold officers and government entities liable for the use of excessive force.

This case dealt with the appropriate level of force used against a passively resisting individual experiencing a mental episode that was detained under section 5150. Although the Court ultimately granted defendants' motion for summary judgment, the Court noted that there was scarce authority this specific issue. (*See* Dkt. No. 70 at 16 ("In none [of plaintiff's cited authority] was force found to be excessive where an officer used a minimal level of force on a passively resisting individual.").) "[E]ven a specific factual setting can shed light on the limits of police power, which most would agree is of substantial public importance." *Kim v. City of Santa Clara*, No. C-09-00025-RS, 2010 WL 3184306, at *2 (N.D. Cal. Aug. 11, 2010) (refusing to award defendant's litigation costs). Moreover, "courts in this district have reasoned that a claim may still serve the public interest even where brought by a single plaintiff." *Id*. Here, the Court agrees that this case has served a public interest in defining the limits of police power, even if defendants' behavior – although objectively problematic – did not ultimately cross this limit. Thus, the Court finds that this factor weighs in favor of granting the motion to disallow costs.

Finally, the Court agrees that the case was close and difficult, and that plaintiff's case had some merit. "[W]hether the plaintiff prevails on its claims is not determinative" of whether a plaintiff's case has merit. *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma County*, No. 09-04432-CW, 2011 WL 3957262, at *2 (N.D. Cal. Sept. 7, 2011). Where the claims alleged by plaintiff involve "complex questions of law and fact" and are supported by evidence, such as testimony of a witness, plaintiff's lawsuit is "not frivolous;" rather, it is meritorious. *Jefferson v. City of Fremont*, No C-12-0926 EMC, 2015 WL 1264703, at *3 (N.D. Cal. Mar. 19, 2015). The closeness of the issues and the arguments made by both sides is evidenced by the fact that it took the Court more than twenty pages to explain its reasoning for granting defendants' summary judgment motion. *See generally Steffens v. Regus Group, PLC*, No. 08-CV-1494-LAB (WVG), 2012 WL 628235, at *3 (S.D. Cal. Feb. 24, 2012) (noting that the fact that it took the court twenty pages to explain its ruling in granted defendants' summary judgment motion evidenced the closeness of the case). The Court notes that there was substantial evidence on both sides, and that this issue was heavily litigated by the parties. Although the Court ultimately ruled in favor of the defendants, the Court did not and cannot now conclude that plaintiff's action lacked merit. Thus,

this factor weighs in favor of granting the motion to disallow costs.

Accordingly, having considered the above factors, the Court finds that defendants' claims costs should be disallowed against plaintiff. Thus, for the foregoing reasons, the Court **GRANTS** plaintiff's motion to disallow defendants' claimed costs.

This Order terminates Docket Number 75.

**IT IS SO ORDERED.**

Dated: June 16, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**